ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

KRISTINA GREEN (NYBN 5226204)
KATHERINE M. LLOYD-LOVETT (CABN 276256)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6912
    FAX: (415) 436-7234
    kristina.green@usdoj.gov
    katherine.lloyd-lovett@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>HENRY GEOFFREY WATSON,<br><br>    Defendant. | **CASE NO. CR 20-00375 CRB**<br><br>**UNITED STATES' PROPOSED JURY INSTRUCTIONS**<br><br>Trial Date: September 18, 2023 |

      The government respectfully submits its proposed preliminary and final jury instructions. The instructions are, unless otherwise noted, cited and reprinted from the current Ninth Circuit Manual of Model Criminal Jury Instructions. The government attempted to meet and confer with defense counsel concerning these proposed instructions but defense counsel indicated he was not available to do so ahead of the August 22, 2023, deadline for the filing of this pleading. Accordingly, the government files these proposed instructions for itself alone.

//

//

//

Dated: August 22, 2023

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

_____/s/_____
KRISTINA GREEN
KATHERINE M. LLOYD-LOVETT
Assistant United States Attorneys

**TABLE OF CONTENTS**

PROPOSED INSTRUCTION NO. 1 – DUTY OF THE JURY....................................................1

PROPOSED INSTRUCTION NO. 2 – PRESUMPTION OF INNOCENCE............................2

PROPOSED INSTRUCTION NO. 3 – WHAT IS EVIDENCE ................................................3

PROPOSED INSTRUCTION NO. 4 – WHAT IS NOT EVIDENCE......................................4

PROPOSED INSTRUCTION NO. 5 – DIRECT AND CIRCUMSTANTIAL EVIDENCE ....................5

PROPOSED INSTRUCTION NO. 6 – RULING ON OBJECTIONS.........................................6

PROPOSED INSTRUCTION NO. 7 – CREDIBILITY OF WITNESSES ................................7

PROPOSED INSTRUCTION NO. 8 – CONDUCT OF THE JURY .........................................8

PROPOSED INSTRUCTION NO. 9 – NO TRANSCRIPT AVAILABLE TO JURY ..........................10

PROPOSED INSTRUCTION NO. 10 – TAKING NOTES .....................................................11

PROPOSED INSTRUCTION NO. 11 – OUTLINE OF TRIAL ...............................................12

PROPOSED INSTRUCTION NO. 12 – JURY TO BE GUIDED BY ENGLISH
TRANSLATION..................................................................................................................13

PROPOSED INSTRUCTION NO. 13 – QUESTIONS TO WITNESSES BY JURORS
DURING TRIAL ................................................................................................................14

PROPOSED INSTRUCTION NO. 14 – BENCH CONFERENCES AND RECESS ...........................15

PROPOSED INSTRUCTION NO. 15 – CAUTIONARY INSTRUCTIONS .........................................16

PROPOSED INSTRUCTION NO. 16 – STIPULATIONS OF FACT ....................................17

PROPOSED INSTRUCTION NO. 17 – TRANSCRIPT OF RECORDING IN ENGLISH ...................18

PROPOSED INSTRUCTION NO. 18 – FOREIGN LANGUAGE TESTIMONY ................................19

PROPOSED INSTRUCTION NO. 19 – OTHER CRIMES, WRONGS, OR ACTS OF
DEFENDANT....................................................................................................................20

PROPOSED INSTRUCTION NO. 20 – DUTIES OF JURY TO FIND FACTS AND
FOLLOW LAW....................................................................................................................22

PROPOSED INSTRUCTION NO. 21 – CHARGES AGAINST DEFENDANT NOT
EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF .........................................23

PROPOSED INSTRUCTION NO. 22 – DEFENDANT'S DECISION NOT TO TESTIFY/DEFENDANT'S DECISION TO TESTIFY ...............................................................24

PROPOSED INSTRUCTION NO. 23 – REASONABLE DOUBT—DEFINED ....................25

PROPOSED INSTRUCTION NO. 24 – WHAT IS EVIDENCE ...............................................26

PROPOSED INSTRUCTION NO. 25 – WHAT IS NOT EVIDENCE.....................................27

PROPOSED INSTRUCTION NO. 26 – DIRECT AND CIRCUMSTANTIAL EVIDENCE ................28

PROPOSED INSTRUCTION NO. 27 – CREDIBILITY OF WITNESSES .............................29

PROPOSED INSTRUCTION NO. 28 – ACTIVITIES NOT CHARGED ...............................30

PROPOSED INSTRUCTION NO. 29 – SEPARATE CONSIDERATION OF MULTIPLE CHARGES—SINGLE DEFENDANT.....................................................................................31

PROPOSED INSTRUCTION NO. 30 – FOREIGN LANGUAGE TESTIMONY .................32

PROPOSED INSTRUCTION NO. 31 – ON OR ABOUT—DEFINED ..................................33

PROPOSED INSTRUCTION NO. 32 – STATEMENTS BY DEFENDANT .........................34

PROPOSED INSTRUCTION NO. 33 – OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT.........................................................................................................................35

PROPOSED INSTRUCTION NO. 34 – IMPEACHMENT EVIDENCE—WITNESS .........................36

PROPOSED INSTRUCTION NO. 35 – TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES—IMMUNITY, BENEFITS, ACCOMPLICE, PLEA ..........................37

PROPOSED INSTRUCTION NO. 36 – GOVERNMENT'S USE OF UNDERCOVER AGENTS AND INFORMANTS ................................................................................................38

PROPOSED INSTRUCTION NO. 37 – OPINION EVIDENCE, EXPERT WITNESS..........................39

PROPOSED INSTRUCTION NO. 38 – DUAL ROLE TESTIMONY ..................................40

PROPOSED INSTRUCTION NO. 39 – CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE............................................................................................................................41

PROPOSED INSTRUCTION NO. 40 – CONSPIRACY TO PAY AND RECEIVE HEALTH CARE KICKBACKS (COUNTS ONE AND TWENTY-FIVE) .............................42

PROPOSED INSTRUCTION NO. 41 – SOLICITING OR RECEIVING KICKBACKS IN
CONNECTION WITH MEDICARE PAYMENTS (42 U.S.C. § 1320A-7B(B)(1)(A))
(COUNTS TWO THROUGH SEVEN AND TWENTY-SIX) ................................................44

PROPOSED INSTRUCTION NO. 42 – HEALTH CARE FRAUD (18 U.S.C. § 1347)
(COUNTS NINE THROUGH SIXTEEN) ...........................................................................46

PROPOSED INSTRUCTION NO. 43 – KNOWINGLY ...............................................................48

PROPOSED INSTRUCTION NO. 44 – WILLFULLY (DEFINED AS TO COUNTS ONE
THROUGH SIXTEEN, TWENTY-FIVE, AND TWENTY-SIX) ......................................49

PROPOSED INSTRUCTION NO. 45 – INTENT TO DEFRAUD ...........................................50

PROPOSED INSTRUCTION NO. 46 – MATERIALITY .........................................................51

PROPOSED INSTRUCTION NO. 47 – FALSE STATEMENTS RELATED TO HEALTH
CARE MATTERS (18 U.S.C. § 1035(A)) (COUNTS SEVENTEEN THROUGH TWENTY-
FOUR)...............................................................................................................................52

PROPOSED INSTRUCTION NO. 48 – WILLFULLY (DEFINED AS TO COUNTS
SEVENTEEN THROUGH TWENTY-FOUR)..................................................................54

PROPOSED INSTRUCTION NO. 49 – AIDING AND ABETTING (18 U.S.C. § 2(A))......................55

PROPOSED INSTRUCTION NO. 50 – DUTY TO DELIBERATE.........................................57

PROPOSED INSTRUCTION NO. 51 – CONSIDERATION OF EVIDENCE—CONDUCT
OF THE JURY..................................................................................................................58

PROPOSED INSTRUCTION NO. 52 – USE OF NOTES .......................................................59

PROPOSED INSTRUCTION NO. 53 – JURY CONSIDERATION OF PUNISHMENT .....................60

PROPOSED INSTRUCTION NO. 54 – VERDICT FORM ......................................................61

PROPOSED INSTRUCTION NO. 55 – COMMUNICATION WITH COURT....................................62

## PROPOSED PRELIMINARY INSTRUCTIONS

## PROPOSED INSTRUCTION NO. 1 – DUTY OF THE JURY

### [Ninth Circuit Model Instruction 1.1]

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial, I will give you more detailed [written] instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

## PROPOSED INSTRUCTION NO. 2 – PRESUMPTION OF INNOCENCE

### [Ninth Circuit Model Instruction 1.2]

This is a criminal case brought by the United States government. The government charges the defendant with conspiracy to pay and receive health care kickbacks, soliciting or receiving kickbacks in connection with Medicare payments, health care fraud, and false statements related to health care matters.  The charges against the defendant are contained in the superseding indictment. The superseding indictment simply describes the charges the government brings against the defendant. The superseding indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence.

**PROPOSED PRELIMINARY INSTRUCTIONS**

**PROPOSED INSTRUCTION NO. 3 – WHAT IS EVIDENCE**

**[Ninth Circuit Model Instruction 1.3]**

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits that are received in evidence; and

Third, any facts to which the parties agree.

**PROPOSED PRELIMINARY INSTRUCTIONS**

**PROPOSED INSTRUCTION NO. 4 – WHAT IS NOT EVIDENCE**

**[Ninth Circuit Model Instruction 1.4]**

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

First, statements and arguments of the attorneys;

Second, questions and objections of the attorneys;

Third, testimony that I instruct you to disregard; and

Fourth, anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**PROPOSED PRELIMINARY INSTRUCTIONS**

**PROPOSED INSTRUCTION NO. 5 – DIRECT AND CIRCUMSTANTIAL EVIDENCE**

**[Ninth Circuit Model Instruction 1.5]**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

# PROPOSED PRELIMINARY INSTRUCTIONS

## PROPOSED INSTRUCTION NO. 6 – RULING ON OBJECTIONS

### [Ninth Circuit Model Instruction 1.6]

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**PROPOSED INSTRUCTION NO. 7 – CREDIBILITY OF WITNESSES**

**[Ninth Circuit Model Instruction 1.7]**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

## PROPOSED PRELIMINARY INSTRUCTIONS

## PROPOSED INSTRUCTION NO. 8 – CONDUCT OF THE JURY

## [Ninth Circuit Model Instruction 1.8]

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter. In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other

resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

1    **PROPOSED PRELIMINARY INSTRUCTIONS**

2    **PROPOSED INSTRUCTION NO. 9 – NO TRANSCRIPT AVAILABLE TO JURY**

3    **[Ninth Circuit Model Instruction 1.9]**

4            At the end of the trial, you will have to make your decision based on what you recall of the

5    evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the

6    testimony as it is given.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED PRELIMINARY INSTRUCTIONS**

**PROPOSED INSTRUCTION NO. 10 – TAKING NOTES**

**[Ninth Circuit Model Instruction 1.10]**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

# PROPOSED PRELIMINARY INSTRUCTIONS

## PROPOSED INSTRUCTION NO. 11 – OUTLINE OF TRIAL

### [Ninth Circuit Model Instruction 1.11]

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

**PROPOSED PRELIMINARY INSTRUCTIONS**

**PROPOSED INSTRUCTION NO. 12 – JURY TO BE GUIDED BY ENGLISH**

**TRANSLATION**

**[Ninth Circuit Model Instruction 1.12]**

A language other than English will be used for some evidence during this trial. When a witness testifies in another language, the witness will do so through an official court interpreter.

The evidence you are to consider and on which you must base your decision is only the English-language interpretation provided through the official court interpreters. Although some of you may know the non-English language used, you must disregard any meaning of the non-English words that differs from the official interpretation.

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

**PROPOSED PRELIMINARY INSTRUCTIONS**

**PROPOSED INSTRUCTION NO. 13 – QUESTIONS TO WITNESSES BY JURORS**

**DURING TRIAL**

**[Ninth Circuit Model Instruction 1.14]**

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

## PROPOSED PRELIMINARY INSTRUCTIONS

## PROPOSED INSTRUCTION NO. 14 – BENCH CONFERENCES AND RECESS

### [Ninth Circuit Model Instruction 1.16]

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

# PROPOSED INSTRUCTIONS IN THE COURSE OF TRIAL
## PROPOSED INSTRUCTION NO. 15 – CAUTIONARY INSTRUCTIONS
### [Ninth Circuit Model Instruction 2.1]

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

If you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.

**PROPOSED INSTRUCTIONS IN THE COURSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 16 – STIPULATIONS OF FACT**

**[Ninth Circuit Model Instruction 2.3]**

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

**PROPOSED INSTRUCTIONS IN THE COURSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 17 – TRANSCRIPT OF RECORDING IN ENGLISH**

**[Ninth Circuit Model Instruction 2.6]**

You [are about to [hear] [watch]] [have [heard] [watched]] a recording that has been received in evidence. Please listen to it very carefully. Each of you [has been] [was] given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you [hear][heard] something different from what [appears][appeared] in the transcript, what you [hear][heard] is controlling. [After] [Now that] the recording has been played, the transcript will be taken from you.

**PROPOSED INSTRUCTIONS IN THE COURSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 18 – FOREIGN LANGUAGE TESTIMONY**

**[Ninth Circuit Model Instruction 2.9]**

You [are about to hear] [have heard] testimony of a witness who [will be testifying] [testified] in the Tagalog language.  Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter.  Although some of you may know the Tagalog language, it is important that all jurors consider the same evidence.  Therefore, you must accept the interpreter's translation of the witness's testimony.  You must disregard any different meaning.

You must not make any assumptions about a witness or party based solely on the fact that an interpreter was used.

**PROPOSED INSTRUCTIONS IN THE COURSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 19 – OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT**

**[Ninth Circuit Model Instruction 2.10]**

You [[are about to hear] [have heard] testimony] [[are about to see] [have seen] evidence] that the defendant [*summarize other act evidence*].  This evidence of other acts [was] [will be] admitted only for [a] limited purpose[s].  You may consider this evidence only for the purpose of deciding whether the defendant:

[had the state of mind, knowledge, or intent necessary to commit the crime charged in the indictment;] *or*

[had a motive or the opportunity to commit the acts charged in the indictment;] *or*

[was preparing or planning to commit the acts charged in the indictment;] *or*

[acted with a method of operation as evidenced by a unique pattern [*describe pattern*];] *or*

[did not commit the acts for which the defendant is on trial by accident or mistake;] *or*

[is the person who committed the crime charged in the indictment.  You may consider this evidence to help you decide [*describe how the evidence will be used to prove identity*];] *or*

[*describe other purpose for which other act evidence was admitted*.]

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered.  You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts.  You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged.  You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes.  Specifically, you may not use this evidence to conclude that because the defendant may have committed the other act[s], [he] [she] must also have committed the act[s] charged in the indictment.

Remember that the defendant is on trial here only for conspiracy to pay and receive health care kickbacks, soliciting or receiving kickbacks in connection with Medicare payments, health care fraud,

and false statements related to health care matters, not for these other acts. Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

# PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL

# PROPOSED INSTRUCTION NO. 20 – DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

## [Ninth Circuit Model Instruction 6.1]

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

# PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL

## PROPOSED INSTRUCTION NO. 21 – CHARGES AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

### [Ninth Circuit Model Instruction 6.2]

The superseding indictment is not evidence.  The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

## **PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL**

## **PROPOSED INSTRUCTION NO. 22 – DEFENDANT'S DECISION NOT TO**

## **TESTIFY/DEFENDANT'S DECISION TO TESTIFY**

### **[Ninth Circuit Model Instruction 6.3/6.4]**

[A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.]

OR

[The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.]

**PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 23 – REASONABLE DOUBT—DEFINED**

**[Ninth Circuit Model Instruction 6.5]**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 24 – WHAT IS EVIDENCE**

**[Ninth Circuit Model Instruction 6.6]**

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits received in evidence; and

Third, any facts to which the parties have agreed.

**PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 25 – WHAT IS NOT EVIDENCE**

**[Ninth Circuit Model Instruction 6.7]**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1.     Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments, and [have said] at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.     Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 26 – DIRECT AND CIRCUMSTANTIAL EVIDENCE**

**[Ninth Circuit Model Instruction 6.8]**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 27 – CREDIBILITY OF WITNESSES**

**[Ninth Circuit Model Instruction 6.9]**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 28 – ACTIVITIES NOT CHARGED**

**[Ninth Circuit Model Instruction 6.10]**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

**PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 29 – SEPARATE CONSIDERATION OF MULTIPLE**

**CHARGES—SINGLE DEFENDANT**

**[Ninth Circuit Model Instruction 6.11]**

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

**PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 30 – FOREIGN LANGUAGE TESTIMONY**

**[Ninth Circuit Model Instruction 6.17]**

You have heard testimony of a witness who testified in the Tagalog language. Witnesses who do not speak English or are more proficient in another language testify through an official interpreter. Although some of you may know the Tagalog language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the fact that an interpreter was used.

**PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 31 – ON OR ABOUT—DEFINED**

**[Ninth Circuit Model Instruction 6.18]**

The superseding indictment charges that the offenses alleged in each count were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in each count of the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

**PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 32 – STATEMENTS BY DEFENDANT**

**[Ninth Circuit Model Instruction 3.1]**

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

**PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 33 – OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT**

**[Ninth Circuit Model Instruction 3.3]**

You have heard evidence that the defendant committed other [wrongs] [acts] not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident] and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

**PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 34 – IMPEACHMENT EVIDENCE—WITNESS**

**[Ninth Circuit Model Instruction 3.8]**

You have heard evidence that [*name of witness*], a witness, [*specify basis for impeachment*]. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

**PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 35 – TESTIMONY OF WITNESSES INVOLVING**

**SPECIAL CIRCUMSTANCES—IMMUNITY, BENEFITS, ACCOMPLICE, PLEA**

**[Ninth Circuit Model Instruction 3.9]**

You have heard testimony from [*name of witness*], a witness who

[received immunity. That testimony was given in exchange for a promise by the government that [the witness will not be prosecuted] [the testimony will not be used in any case against the witness]];

[received [benefits] [compensation] [favored treatment] from the government in connection with this case];

[pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability].

For [this] [these] reason[s], in evaluating the testimony of [*name of witness*], you should consider the extent to which or whether [his] [her] testimony may have been influenced by [this] [any of these] factor[s]. In addition, you should examine the testimony of [*name of witness*] with greater caution than that of other witnesses.

**PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 36 – GOVERNMENT'S USE OF UNDERCOVER**

**AGENTS AND INFORMANTS**

**[Ninth Circuit Model Instruction 3.10]**

You have heard testimony from an undercover agent who was involved in the government's investigation in this case. Law enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, to investigate criminal activities. Undercover agents and informants may use false names and appearances and assume the roles of members in criminal organizations.

**PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 37 – OPINION EVIDENCE, EXPERT WITNESS**

**[Ninth Circuit Model Instruction 3.14]**

You have heard testimony from [*name*] who testified about [his] [her] opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

# PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL

## PROPOSED INSTRUCTION NO. 38 – DUAL ROLE TESTIMONY

### [Ninth Circuit Model Instruction 3.15]

You have heard testimony from [*name*] who testified about [his] [her] opinions and the reasons for those opinions. Some of the opinion testimony you have heard from this witness is based on the specialized knowledge, skill, experience, training, or education of this witness. This testimony is allowed because of the knowledge, skill, experience, training, or education of this witness. It should be judged like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

Other opinion testimony you have heard from this witness is called "lay opinion testimony." Lay opinion testimony is based on inferences drawn from the witness's direct perceptions and must be rationally based on those perceptions and not on speculation or what someone else has said. You should judge lay opinion testimony like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves. When considering lay opinion testimony, however, you should not give it any extra credence based on the specialized knowledge, skill, experience, training, or education of this witness.

You also should consider whether the witness testified about a lay opinion based on the witness's perceptions or testifying to an opinion based on specialized knowledge, skill, experience, training, or education. When a witness provides opinion testimony based on knowledge, skill, experience, training, or education, that person might rely on facts that are not based on his or her personal observations or involvement, but that opinion cannot serve as proof of the underlying facts.

You should also consider the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.

Also, the fact that a witness is allowed to express opinions based on that person's specialized knowledge, skill, experience, training, or education should not cause you to give that witness undue deference for any of aspect of that person's testimony or otherwise influence your assessment of the credibility of that witness.

# PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL

## PROPOSED INSTRUCTION NO. 39 – CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE

### [Ninth Circuit Model Instruction 3.17]

Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

**PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 40 – CONSPIRACY TO PAY AND RECEIVE HEALTH CARE KICKBACKS (COUNTS ONE AND TWENTY-FIVE)**

**[Ninth Circuit Model Instruction 11.1, as modified]**

The defendant is charged in Counts One and Twenty-Five of the superseding indictment with conspiring to pay and receive health care kickbacks in violation of Section 371 of Title 18 of the United States Code.

For the defendant to be found guilty of the conspiracy charged in Count One, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about January 2013 and ending on or about June 2018, there was an agreement between two or more persons to knowingly and willfully solicit, receive, offer, or pay remuneration for the referral of a Medicare beneficiary or beneficiaries for the furnishing of any item or service for which payment may be made in whole or in part by Medicare;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.


For the defendant to be found guilty of the conspiracy charged in Count Twenty-Five, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about April 2013 and ending on or about January 2019, there was an agreement between two or more persons to knowingly and willfully solicit, receive, offer, or pay remuneration for the referral of a Medicare beneficiary or beneficiaries for the furnishing of any item or service for which payment may be made in whole or in part by Medicare;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the superseding indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

**PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 41 – SOLICITING OR RECEIVING KICKBACKS IN CONNECTION WITH MEDICARE PAYMENTS (42 U.S.C. § 1320A-7B(B)(1)(A)) (COUNTS TWO THROUGH SEVEN AND TWENTY-SIX)**

**[Ninth Circuit Model Instruction 24.26]**

The defendant is charged in Counts Two, Three, Four, Five, Six, Seven, and Twenty-Six of the superseding indictment with soliciting or receiving kickbacks in connection with Medicare payments in violation of Section 1320a-7b(b)(1)(A) of Title 42 of the United States Code.

The defendant is charged in Counts Two through Five with solicitation and receipt of kickbacks from Amity Home Health Care Inc.  In particular:

The defendant is charged in Count Two in connection with a check from Amity Home Health Care Inc. on or about April 11, 2016, for $3,000;

The defendant is charged in Count Three in connection with a check from Amity Home Health Care Inc. on or about October 12, 2016, for $3,000;

The defendant is charged in Count Four in connection with a check from Amity Home Health Care Inc. on or about January 24, 2018, for $3,000; and

The defendant is charged in Count Five in connection with a check from Amity Home Health Care Inc. on or about June 7, 2018, for $3,000.

The defendant is charged in Counts Six and Seven with solicitation and receipt of kickbacks from a person purportedly representing a home health agency.  In particular:

The defendant is charged in Count Six in connection with a cash payment on or about April 14, 2017; and

The defendant is charged in Count Seven in connection with a cash payment on or about June 29, 2017.

The defendant is charged in Count Twenty-Six with solicitation and receipt of kickbacks from Maria Christian, specifically, in connection with a check for $1,400 on or about November 27, 2018.

For the defendant to be found guilty of each count of soliciting or receiving kickbacks in connection with Medicare payments, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly and willfully solicited or received the remuneration specified in that Count of the Superseding Indictment;

Second, the remuneration was solicited or paid and at least one purpose of the payment was to induce, or in exchange for, the referral of a patient insured by Medicare for furnishing of an item or service;

Third, the patient's items or services furnished were covered, in whole or in part, by Medicare; and

Fourth, Medicare is a federal health care program.

**PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 42 – HEALTH CARE FRAUD (18 U.S.C. § 1347)**

**(COUNTS NINE THROUGH SIXTEEN)**

**[Ninth Circuit Model Instruction 15.42]**

The defendant is charged in Counts Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, and Sixteen of the superseding indictment with health care fraud in violation of Section 1347 of Title 18 of the United States Code.

The defendant is charged in Counts Nine through Sixteen with executing an ongoing health care fraud scheme from in or around October 2014 through in or around July 2020.

The defendant is charged in Count Nine with executing a health care fraud scheme in connection with a Medicare claim for approximately $237 submitted for a beneficiary with the initials "D.C" on or about May 10, 2016.

The defendant is charged in Count Ten with executing a health care fraud scheme in connection with a Medicare claim for approximately $276 submitted for a beneficiary with the initials "D.C." on or about May 10, 2016.

The defendant is charged in Count Eleven with executing a health care fraud scheme in connection with a Medicare claim for approximately $237 submitted for a beneficiary with the initials "C.E." on or about April 20, 2017.

The defendant is charged in Count Twelve with executing a health care fraud scheme in connection with a Medicare claim for approximately $100 submitted for a beneficiary with the initials "C.E." on or about November 13, 2017.

The defendant is charged in Count Thirteen with executing a health care fraud scheme in connection with a Medicare claim for approximately $90 submitted for a beneficiary with the initials "C.E." on or about November 14, 2019.

The defendant is charged in Count Fourteen with executing a health care fraud scheme in connection with a Medicare claim for approximately $125 submitted for a beneficiary with the initials "Al.P.L." on or about October 2, 2017.

1    The defendant is charged in Count Fifteen with executing a health care fraud scheme in
2    connection with a Medicare claim for approximately $100 submitted for a beneficiary with the initials
3    "Al.P.L." on or about November 13, 2017.

4    The defendant is charged in Count Sixteen with executing a health care fraud scheme in
5    connection with a Medicare claim for approximately $90 submitted for a beneficiary with the initials
6    "F.V." on or about February 7, 2019.

7    For the defendant to be found guilty of each count of health care fraud, the government must
8    prove each of the following elements beyond a reasonable doubt:

9    First, the defendant knowingly and willfully executed or attempted to execute a scheme or plan
10   to defraud a health care benefit program, Medicare, by means of material false or fraudulent pretenses,
11   representations, or promises;

12   Second, the defendant acted with the intent to defraud;

13   Third, Medicare was a health care benefit program; and

14   Fourth, the scheme or plan was executed in connection with the delivery or payment for health
15   care benefits, items, or services.

16
17
18
19
20
21
22
23
24
25
26
27
28

**PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 43 – KNOWINGLY**

**[Ninth Circuit Model Instruction 4.8]**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 44 – WILLFULLY (DEFINED AS TO COUNTS ONE THROUGH SIXTEEN, TWENTY-FIVE, AND TWENTY-SIX)**

**[No Ninth Circuit Model Instruction]**

For purposes of the crimes charged in Counts One through Sixteen, Count Twenty-Five, and Count Twenty-Six, the word "willfully" means that the defendant acted with a bad purpose, meaning he acted with knowledge that his conduct was unlawful, in a general sense. The government need not prove that the defendant knew about a specific law or that he intended to violate a specific law.

Source: Ninth Circuit Model Instruction 4.6 Comment; *United States v. Awad*, 551 F.3d 930, 939-41 (9th Cir. 2009).

**PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 45 – INTENT TO DEFRAUD**

**[Ninth Circuit Model Instruction 4.13]**

An intent to defraud is an intent to deceive and cheat.

**PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 46 – MATERIALITY**

**[No Ninth Circuit Model Instruction]**

A statement, pretense, representation, or promise is material if it had a natural tendency to influence or was capable of influencing the decisionmaker or decision-making body to which it was directed.


Source: *See, e.g.*, Ninth Circuit Model Instructions 13.6, 15.32, 15.34, 15.35, 15.36, 15.37, 24.10 (each defining "material"); *Kungys v. United States*, 485 U.S. 759, 770 (1988).

**PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 47 – FALSE STATEMENTS RELATED TO HEALTH CARE MATTERS (18 U.S.C. § 1035(A)) (COUNTS SEVENTEEN THROUGH TWENTY-FOUR)**

**[No Ninth Circuit Model Instruction]**

The defendant is charged in Counts Seventeen, Eighteen, Nineteen, Twenty, Twenty-One, Twenty-Two, Twenty-Three, and Twenty-Four of the superseding indictment with false statements related to health care matters in violation of Section 1035(a) of Title 18 of the United States Code.

Specifically:

The defendant is charged in Count Seventeen with false statements related to health care matters in connection with medical records pertaining to a beneficiary with the initials "C.E." on or about November 30, 2016.

The defendant is charged in Count Eighteen with false statements related to health care matters in connection with medical records pertaining to a beneficiary with the initials "C.E." on or about August 18, 2017.

The defendant is charged in Count Nineteen with false statements related to health care matters in connection with medical records pertaining to a beneficiary with the initials "C.E." on or about April 10, 2018, through April 29, 2018.

The defendant is charged in Count Twenty with false statements related to health care matters in connection with medical records pertaining to a beneficiary with the initials "C.E." on or about August 28, 2018, through September 20, 2018.

The defendant is charged in Count Twenty-One with false statements related to health care matters in connection with medical records pertaining to a beneficiary with the initials "Al.P.L." on or about August 18, 2017.

The defendant is charged in Count Twenty-Two with false statements related to health care matters in connection with medical records pertaining to a beneficiary with the initials "D.C." on or about July 30, 2019, through August 16, 2019.

The defendant is charged in Count Twenty-Three with false statements related to health care matters in connection with medical records pertaining to a beneficiary with the initials "Lu.K." on or about July 30, 2019, through August 16, 2019.

The defendant is charged in Count Twenty-Four with false statements related to health care matters in connection with medical records pertaining to a beneficiary with the initials "F.V." on or about April 20, 2018, through May 15, 2018.

For the defendant to be found guilty of each count of health care fraud, the government must prove each of the following elements beyond a reasonable doubt:

First, in a matter involving a health care benefit program, the defendant knowingly and willfully falsified, concealed, or covered up by trick, scheme, or device a material fact; made a materially false, fictitious, or fraudulent statement or representation; or made or used a materially false writing or document which he knew contained materially false, fictitious, or fraudulent statements; and

Second, the defendant's use of this materially false writing or document was made in connection with the delivery of or payment for health care benefits, items, or services.

Source: 18 U.S.C. § 1035.

**PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 48 – WILLFULLY (DEFINED AS TO COUNTS**

**SEVENTEEN THROUGH TWENTY-FOUR)**

**[No Ninth Circuit Model Instruction]**

For purposes of the charges in Counts Seventeen through Twenty-Four, the defendant acted "willfully" if the defendant acted deliberately and with knowledge both that the statement was untrue and that his conduct was unlawful.


Source: Ninth Circuit Model Instruction 24.10 (instruction for § 1001 charge); Ninth Circuit Model Instruction 4.6 Comment ("[I]n cases alleging a false statement to a government agency in violation of 18 U.S.C. § 1001, as well as cases alleging a false statement relating to health care matters in violation of 18 U.S.C. § 1035, the government must prove, among other things, that a defendant acted deliberately and with knowledge both that the statement was untrue and that his or her conduct was unlawful.").

## PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL

## PROPOSED INSTRUCTION NO. 49 – AIDING AND ABETTING (18 U.S.C. § 2(A))

### [Ninth Circuit Model Instruction 4.1]

A defendant may be found guilty of soliciting or receiving kickbacks in connection with Medicare payments, health care fraud, or false statements related to health care matters, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of soliciting or receiving kickbacks in connection with Medicare payments, health care fraud, or false statements related to health care matters by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed the offense of soliciting or receiving kickbacks in connection with Medicare payments, health care fraud, or false statements related to health care matters;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of the offense of soliciting or receiving kickbacks in connection with Medicare payments, health care fraud, or false statements related to health care matters;

Third, the defendant acted with the intent to facilitate the offense of soliciting or receiving kickbacks in connection with Medicare payments, health care fraud, or false statements related to health care matters; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the offense of soliciting or receiving kickbacks in connection with Medicare payments, health care fraud, or false statements related to health care matters.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

**PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 50 – DUTY TO DELIBERATE**

**[Ninth Circuit Model Instruction 6.19]**

When you begin your deliberations, elect one member of the jury as your [presiding juror] [foreperson] who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 51 – CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

**[Ninth Circuit Model Instruction 6.20]**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings , and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

**PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 52 – USE OF NOTES**

**[Ninth Circuit Model Instruction 6.21]**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 53 – JURY CONSIDERATION OF PUNISHMENT**

**[Ninth Circuit Model Instruction 6.22]**

The punishment provided by law for these crimes is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

## PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL

## PROPOSED INSTRUCTION NO. 54 – VERDICT FORM

### [Ninth Circuit Model Instruction 6.23]

A verdict form has been prepared for you.  [*Explain verdict form as needed.*]  After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

**PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL**

**PROPOSED INSTRUCTION NO. 55 – COMMUNICATION WITH COURT**

**[Ninth Circuit Model Instruction 6.24]**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.