1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney

2

3  THOMAS A. COLTHURST (CABN 99493)
   Chief, Criminal Division

4  KRISTINA GREEN (NYBN 5226204)
   KATHERINE M. LLOYD-LOVETT (CABN 276256)
5  Assistant United States Attorneys

6        450 Golden Gate Avenue, Box 36055
          San Francisco, California 94102-3495
7         Telephone: (415) 436-6912
          FAX: (415) 436-7234
8         kristina.green@usdoj.gov
          katherine.lloyd-lovett@usdoj.gov
9
   Attorneys for United States of America
10
                        UNITED STATES DISTRICT COURT
11
                       NORTHERN DISTRICT OF CALIFORNIA
12
                            SAN FRANCISCO DIVISION
13

14 | UNITED STATES OF AMERICA,            )  **CASE NO. CR 20-00375 CRB**
                                          )
15 |      Plaintiff,                      )  **UNITED STATES' PRETRIAL CONFERENCE**
                                          )  **STATEMENT**
16 |      v.                              )
                                          )  Judge:        Hon. Charles R. Breyer
17 | HENRY GEOFFREY WATSON,                )  Pretrial Conf.: August 31, 2023
                                          )  Time:         2:00 p.m.
18 |      Defendant.                      )  Trial Date:   September 18, 2023
                                          )
19

20       Pursuant to Criminal Local Rule 17.1-1(b), the government hereby respectfully submits the

21 following Pretrial Conference Statement.  The government attempted to meet and confer with defense

22 counsel in order to file a joint statement by the deadline of August 22, 2023, but as of the filing of this

23 pleading has not received a response from defense counsel.

24

25

26

27

28

U.S. PRETRIAL CONFERENCE STATEMENT
CR 20-00375 CRB

## I. BACKGROUND

The superseding indictment in this case charges the defendant, Henry Geoffrey Watson with 25 counts:[1] Count 1 charges Watson with conspiring to pay and receive kickback payments in exchange for Medicare beneficiary referrals to Amity Home Health, in violation of 18 U.S.C. § 371; Counts 2-5 charge Watson with soliciting and receiving four specific kickback payments in exchange for Medicare beneficiary referrals to Amity, in violation of 42 U.S.C. § 1320a-7b(b)(1)(A); Counts 6-7 charge Watson with soliciting and receiving two specific kickback payments in exchange for Medicare beneficiary referrals to a home health agency, referred to as HHA-Alpha, in violation of 42 U.S.C. § 1320a-7b(b)(1)(A); Counts 9-16 charge Watson with health care fraud, in violation of 18 U.S.C. § 1347; Counts 17-24 charge Watson with false statements relating to health care matters, in violation of 18 U.S.C. § 1035(a); Count 25 charges Watson with conspiring to pay and receive kickback payments in exchange for Medicare beneficiary referrals to St. James Home Health, Onlyserve, and Premier, in violation of 18 U.S.C. § 371; and Count 26 charges Watson with soliciting and receiving one specific kickback payment in exchange for Medicare beneficiary referrals to these home health agencies, in violation of 42 U.S.C. § 1320a-7b(b)(1)(A).

## II. ITEMS LISTED IN CRIMINAL LOCAL RULE 17.1-1

**a. Disclosure and contemplated use of statements or reports of witnesses under the Jencks Act, 18 U.S.C. § 3500, or Fed. R. Crim. P. 26.2.**

The government has complied, and will continue to comply, with its discovery obligations under *Brady*, *Giglio*, and the Jencks Act, 18 U.S.C. § 3500, and Federal R. Crim. P. 26.2. The government is unaware at this time of any Jencks or *Giglio* material in its possession that it has not produced.

**b. Disclosure and contemplated use of grand jury testimony of witnesses intended to be called at the trial.**

The government intends to call one witness, Maria Christian, who testified before the grand jury in this matter; her testimony has been disclosed to the defense. Should the testimony of this witness at trial be inconsistent with her testimony before the grand jury, the defense is free to impeach her with her testimony, as appropriate under the Federal Rules of Evidence.

---

[1] The government has filed a notice of dismissal with respect to Count 8 (health care fraud in violation of 18 U.S.C. § 1347). Dkt. 103.

c. **Disclosure of exculpatory or other evidence favorable to the defendant on the issue of guilt or punishment.**

The United States believes that it has disclosed all *Brady* material within its possession, custody, or control, and recognizes its ongoing obligation to do so. The government also understands its continuing duty to comply with Rule 16 and will do so.

d. **Stipulation of facts which may be deemed proved at trial without further proof by either party and limitation of witnesses.**

The parties are discussing several potential stipulations, including (1) a stipulation that Medicare is a federal health care program; (2) a stipulation that certain records are admissible as business records, including bank records, Part A and Part B claims data, text messages to, from, and between former Amity employees, Medicare enrollment records, patient records, and billing records; and (3) a stipulation as to the authenticity of communications drawn from devices, including the phones of Watson and former Amity employees, and copies of records seized during searches of Amity's and Watson's offices.

If the parties agree on a stipulation for any of these topics, the parties will agree that these records will be admissible at trial pursuant to Federal Rules of Evidence 803(6), and 902(11), 902(13) and/or 902(14). The defendant may preserve all other objections.

e. **Appointment by the Court of interpreters under Fed. R. Crim. P. 28**

The government intends to call six witnesses who will require a Tagalog interpreter: Maria Christian, Doroteo Castromero, Cecilia Eugenio, Alejandra Palpal-Latoc, Frederico Ventura, and Luzminda Kugler. The government has arranged for a Tagalog interpreter who is available for trial.

f. **Dismissal of counts and elimination from the case of certain issues, e.g., insanity, alibi, and statute of limitations.**

The government has filed a notice to dismiss Count 8 of the superseding indictment. The government requested notice of any intention of the defendant to rely on an alibi or entrapment defense, or a defense involving mental condition or duress, but has received no such notice from the defense.

g. **Joinder pursuant to Fed. R. Crim. P. 13 or the severance of trial as to any co-defendant.**

There are no joinder or severance issues in this case.

> **h. Identification of informers, use of lineup or other identification evidence and evidence of prior convictions of defendant or any witness.**

A cooperating witness was involved in this case but the government does not intend to call that individual to testify. There are no confidential informants who will testify in this case. The government has provided defense counsel with the true name of the cooperating witness.

> **i. Pretrial exchange of lists of witnesses intended to be called in person or by deposition to testify at trial, except those who may be called only for impeachment or rebuttal.**

In accordance with the Court's scheduling order, the government and defendant exchanged witness lists earlier in August 2023, and the government filed its witness list on August 22, 2023. Dkt. No. 97; Dkt. 107 (filed government witness list). The government reserves the right to amend its witness lists at any time prior to and during the trial, if necessary.

The government questions the relevance of numerous witnesses on the defendant's witness list and has, to date, not received any discovery or exhibits from the defendant that could shed light on who some of the defendant's intended witnesses are and the relevance of these witnesses. As such, the government asks that defense counsel provide a short proffer as to the relevance of the defendant's intended witnesses at the pretrial conference.

> **j. Pretrial exchange of documents, exhibits, summaries, schedules, models or diagrams intended to be offered or used at trial, except materials that may be used only for impeachment or rebuttal.**

The government and defendant exchanged preliminary exhibit lists earlier in August 2023. In accordance with the Court's scheduling order, the government intends to file its exhibit list on August 22, 2023. Dkt. No. 97. The government reserves the right to amend their exhibit list at any time prior to and during the trial, if necessary.

The government notes that the defendant's preliminary exhibit list did not refer to or provide specific documents, and the defendant has not yet produced any reciprocal discovery. The government has requested copies of the documents the defendant referred to in his preliminary exhibit list but has not yet received those records.

> **k. Pretrial resolution of objections to exhibits or testimony to be offered at trial.**

The government has filed ten motions motions *in limine*. The defendant has filed oppositions to

some of these motions *in limine*. Replies to motions *in limine* are due on August 23, 2023. Dkt. No. 97.

**l. Preparation of trial briefs on controverted points of law likely to arise at trial.**

The government is not currently aware of any controverted points of law.

**m. Scheduling of the trial and of witnesses.**

Jury selection is scheduled for September 18, 2023. Given the Court's trial schedule, the government estimates that its case will last approximately nine days (excluding the time for jury selection).

**n. Request to submit questionnaire for prospective jurors pursuant to Crim. L.R. 24-1, voir dire questions, exercise of peremptory and cause challenges and jury instructions.**

In accordance with the scheduling order, the government filed proposed additional questions to the jury questionnaire and proposed jury instructions on August 22, 2023. Dkt. Nos. 108, 109. The government believes that 30 minutes per side of prospective juror *voir dire* is sufficient, in addition to the *voir dire* conducted by the Court and the written responses to the jury questionnaire.

**o. Any other matter that may tend to promote a fair and expeditious trial.**

The parties have been working together in an effort to promote a fair and expeditious trial, including with respect to reaching fact and record stipulations. The government will continue to meet and confer about any issues that arise in advance of trial.

DATED: August 22, 2023

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

   /s/
KRISTINA GREEN
KATHERINE M. LLOYD-LOVETT
Assistant United States Attorneys