ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

KRISTINA GREEN (NYBN 5226204)
KATHERINE M. LLOYD-LOVETT (CABN 276256)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6912
    FAX: (415) 436-7234
    kristina.green@usdoj.gov
    katherine.lloyd-lovett@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>HENRY GEOFFREY WATSON,<br><br>    Defendant. | CASE NO. CR 20-00375 CRB<br><br>**UNITED STATES' REPLIES IN SUPPORT OF MOTIONS IN LIMINE ONE THROUGH NINE**<br><br>Judge:    Hon. Charles R. Breyer<br>Pretrial Conf.:  August 31, 2023<br>Time:    2:00 p.m.<br>Trial Date:  September 18, 2023 |

**I.    INTRODUCTION**

The government respectfully submits this reply brief in support of its first through ninth motions in limine. *See* Dkt. 101. The defendant has opposed the government's motions in limine 1, 2, 3, 4, 5, 6, 8, and 9. Dkt. 106. For the reasons set forth in the government's opening brief and below, the Court should grant the relief requested by the government.

//

//

//

//

## II. ARGUMENT

### A. Motion in Limine No. 1: The government should be permitted to offer co-conspirator statements into evidence.

The government continues to move the Court for admission of the statements of Dr. Watson's co-conspirators. *See* Dkt. 101 at 11-20. As discussed in detail in the government's brief, the government has laid a sufficient factual foundation that these conspiracies existed. *Id.* As to the Amity conspiracy, in addition to the co-conspirator statements themselves, the government has identified documentary evidence of the check payments from Amity to Watson, evidence of Dr. Watson's statements to his co-conspirators during and in furtherance of the conspiracy, patient records and referral forms that reflect Dr. Watson's patient referrals to Amity, and Medicare Part A billing data that shows that Amity billed Medicare for beneficiaries referred by Dr. Watson. *Id.* at 15-16. As to the conspiracy between Dr. Watson and Glennda Santos to generate income from referrals to HHA-Alpha, the government has not only identified Santos' statements, but also recordings of meetings and text messages between the participants in the HHA-Alpha kickback scheme. *Id.* at 16-19. Finally, as to the conspiracy in relation to referrals to St. James, Onlyserve, and Premier, the government has identified significant evidence of the existence of the conspiracy, including the identified co-conspirator statements, the patient record and referral forms signed by Dr. Watson, the check payments from Maria Christian to Dr. Watson, and the Part A billing data that shows that the three home health agencies billed Medicare for services purportedly provided to beneficiaries referred by Dr. Watson. *Id.* at 19-20.

Contrary to the defendant's second claim in his opposition brief, the government has specifically identified co-conspirator statements that it intends to introduce into evidence at trial. *See* Dkt. 101-1 (Attachment A) (identifying and quoting or summarizing co-conspirator statements).[1] The defendant's claim that he does not know what statements the government intends to introduce and that he lacks the information necessary to identify whether those statements are "testimonial," Dkt. 106 at 2-3, is therefore inaccurate.

---

[1] The government may identify additional co-conspirator statements from the same conspiracies identified in Gov. Mot. in Limine No. 1 as it prepares for trial. Any additional co-conspirator statements the government intends to introduce at trial will be identified to the defendant in advance of trial.

For these reasons and those set forth in the opening brief, the government seeks the admission of the co-conspirator statements in Attachment A at trial.

B. **Motion in Limine No. 2**: CW-1 and UC statements in calls, texts, and audio and video recordings are admissible.

In its second motion in limine, the government is seeking a ruling that communications between Dr. Watson and/or Glennda Santos, on the one hand, and the undercover Federal Bureau of Investigation ("FBI") agent ("UC") and/or the cooperating witness ("CW-1"), on the other, are admissible. Dkt. 101 at 20-21. Based on his opposition brief, the defendant appears to believe that the government is asserting that the UC's and CW-1's statements are co-conspirator statements. Dkt. 106 at 3. To the contrary, the government is not asserting that these two individuals, who were acting at the government's direction, were co-conspirators with Watson and Santos. Rather, the government is seeking the admission of the UC and CW-1 statements not for the truth of the matters asserted by the UC and CW-1 therein, but because Watson and Santos' statements made in response to things the UC and CW-1 said will be unintelligible without understanding to what they were responding. Based on the case law cited in the opening brief, the government submits that this is an appropriate and well-established basis to admit these statements. Dkt. 101 at 21.

The government also disputes the characterization in the defendant's opposition of the UC and CW-1 recordings as "mystery recordings." Dkt. 106 at 3. Each of the recordings and texts that the government intends to introduce has been produced to the defendant in discovery and has been identified, along with Bates stamps, on the government's exhibit list. *See* Dkt. 113 (Gov. Ex. List) at Exs. 283–324, 454, 512–514. The defendant has had ample opportunity to review this evidence. The Court should therefore reject the defendant's arguments that these recordings and texts are not admissible.

C. **Motion in Limine No. 3**: Undercover Witness #1 should be permitted to testify using his undercover pseudonym.

In its third motion in limine, the government requested that the Court allow the FBI agent who worked on this investigation in an undercover capacity to testify under his undercover name, "Ravi." Dkt. 101 at 22-24. The defense team is well aware of the true identity of the UC; the government has provided the UC's true name to defense counsel and will produce any *Jencks* or *Giglio* material

concerning the UC if any such material is identified. Instead, the government's motion is aimed at limiting, in as narrowly-tailored a manner as possible, the information about the UC's identity that is made public at trial in this matter.

Contrary to the defendant's argument in opposition, Dkt. 106 at 3-4, the government is not proposing that the Court allow the UC to perjure himself. Under the government's proposal, it will be made clear to the jury at the outset of the UC's testimony that "Ravi" is the UC's undercover name, not his true name. Unlike a typical witness, however, the UC would not be required to state and spell his name for the record at the outset of his testimony and defense counsel would not be permitted to address the UC by his true name or ask questions regarding his true name and personal identifying information on cross-examination. It is not clear how eliciting the UC's true name or personal identifying information before the jury would be relevant to the defendant's case, *see* Fed. R. Evid. 401, and defense counsel would be free to otherwise question the UC in the same way that he would cross-examine any federal agent testifying at trial. This limited measure to protect the UC's identity, given his work in an undercover capacity in this and other investigations, is reasonable and is not unduly prejudicial to the defendant. The government therefore requests that the Court grant the government's motion.

**D.** **Motion in Limine No. 4:** **The Court should admit the defendant's statements offered by the prosecution but preclude the defendant from admitting his own prior out-of-court statements.**

The government submits this motion on the basis of its opening brief. Dkt. 101 at 24-27.

**E.** **Motion in Limine No. 5:** **The court should exclude references to punishment and attempts to elicit jury sympathy.**

For the reasons stated in its opening brief, Dkt. 101 at 28-29, the government submits that it is appropriate for the Court to issue a ruling that expressly limits defense counsel's ability to reference punishment or the defendant's irrelevant personal or familial circumstances during his opening statement, as well as at other points during the trial.

**F.** **Motion in Limine No. 6:** **The Court should limit the use of witness interview reports at trial.**

The government submits this motion on the basis of its opening brief. Dkt. 101 at 29-30.

//
//

**G.      Motion in Limine No. 7: The Court should enforce reciprocal discovery obligations.**

The defendant did not oppose the government's motion to enforce reciprocal discovery obligations.  *See generally* Dkt. 106.  The government notes that the defendant has not yet produced any discovery to the government, including many of the documents identified on the defendant's preliminary exhibit list, provided to the government via email on August 14.  *See* Dkt. 102-1 at 10-11 (defense counsel email containing defendant's exhibit list).  The government continues to move the Court to exclude any evidence offered by the defendant at trial that he failed to produce prior to trial in violation of his reciprocal discovery obligations.

**H.      Motion in Limine No. 8: The Court should issue a sequestration order.**

The government continues to seek a sequestration order from the Court that excepts two witnesses: the government's lead case agents, FBI Special Agent Kate McKendrick and U.S. Department of Health and Human Services, Office of the Inspector General ("HHS-OIG") Special Agent Jin Tae Kim.  Dkt. 101 at 31-32.  Federal Rule of Evidence 615(b) provides that a witness will not be excluded where that witness is "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney."  Special Agents McKendrick and Kim are the lead case agents for their independent investigative agencies and each has played an essential role in the investigation and preparation of this case.  *See United States v. Alvarado*, 647 F.2d 537, 540 (5th Cir. 1981) ("The appellants have misconstrued [Rule 615] by stating that it allows only one agent to be excused from its purview.  We find that the decision as to how many will be excused from sequestration is just as discretionary with the trial judge as who will be excused."); *see also United States v. Gonzalez*, 221 F.3d 1349, at *1 (9th Cir. 2000) (unpublished) ("DEA Special Agent Hinton, INS Special Agent Nygaard, and Idaho Bureau of Narcotics Special Agent White were all case agents for the Government and were therefore exempted from exclusion under Federal Rule of Evidence 615(2).")  The government therefore asks that both agents be allowed in the courtroom during trial under Rule 615(b).

Moreover, both agents should be allowed to remain in the courtroom under Federal Rule of Evidence 615(c), which exempts "a person whose presence a party shows to be essential to presenting a party's claim."  *See United States v. Lussier*, 929 F.2d 25, 30 (1st Cir. 1991) (finding no error where two agents—the government's case agent and an IRS agent—were excepted from Rule 615 sequestration);

*see also United States v. Ratfield*, 342 Fed. Appx. 510, 513 (11th Cir. 2009) (decision to allow two IRS agents who testified as fact, expert, and summary witnesses to remain in courtroom "aided in the orderly presentation of the case" and was not an abuse of discretion).  Both case agents have been assigned to this case for years and will already be familiar with the facts of the case and the expected testimony of the witnesses.  Each agent may be asked to conduct additional investigation and research based on the testimony given by trial witnesses, and their familiarity with the events of trial will be essential to completing those tasks.

Accordingly, the government respectfully requests an order excluding all fact witnesses from trial, except when testifying, with the exception of Special Agents McKendrick and Kim, who should be allowed to observe all portions of the trial.

**I.     Motion in Limine No. 9: The Court should admit Rule 1006 summaries.**

The government's opening brief described the categories of summary exhibits it intends to offer into evidence at trial.  Dkt. 101 at 33.  The government will disclose drafts of its Federal Rule of Evidence 1006 summaries to defense counsel prior to the pretrial conference.  For the reasons set forth in the government's opening brief, the government asks that the Court order that these summaries are admissible at trial.  *See* Dkt. 101 at 32-24.

**III.     CONCLUSION**

For the foregoing reasons and for the reasons stated in the government's opening brief, the Court should rule as set forth above.

DATED:  August 23, 2023                                         Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

  /s/
KRISTINA GREEN
KATHERINE M. LLOYD-LOVETT
Assistant United States Attorneys